ZUSMAN, d. b. a. BERTRAM BUILDERS & SUPPLIES, Plaintiff-Appellee,
v. PARKER et, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 3934. Decided October 25, 1957.

Philip A. Morgante, Youngstown, for plaintiff-appellee.
Modarelli & Modarelli, Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, J.

Defendants appeal on questions of law from a judgment of the court of common pleas overruling their motion for a new trial and entering judgment for plaintiff on the verdict of the jury returned for plaintiff in the amount of $1,102.71 against defendants.

In the first cause of action in his petition filed in the court of common pleas plaintiff alleged that on or about the sixth day of March, 1955, he entered into a contract in writing "with the above defendants for the construction of a patio and garage to be annexed to and complimentary with the house situated at" 150 Forest Hill, Youngstown, Ohio; that by "the terms of said contract the plaintiff agreed to furnish materials and to build said patio and garage on the lot of the defendants"; that "in consideration of said services to be performed and labors to be done, the defendants promised and agreed to pay the plaintiff the sum of $1,252.00 upon the completion of said job"; that "after said work was begun and after the garage was completely erected, and at the defendants' request, the said contract was modified by mutual agreement between the above parties; that the change made in the terms of the contract was as follows: that the patio was not to be erected, nor any work toward said erection of the patio begun until sometime during the Fall of 1955"; and that "in consideration of said modification, the defendants promised to pay the plaintiff the cost price for material and labor as set forth in the original contract." Further plaintiff alleged his willingness to complete and defendants unwillingness to allow plaintiff to complete the modified portion of the contract and defendants failure

to pay him in accordance with the contract and "his damage" on the modified contract in the sum of $150.00.

For his second cause of action plaintiff alleged perfection of a mechanics lien.

By answer defendants admit the execution of the alleged contract, but specifically deny that the work was completed in accordance with the agreement, or that "at any time by mutual consent or otherwise" they "permitted any change in the contract as executed," or "that they refused the plaintiff from completing the work," or that they "are indebted to plaintiff in the amount as alleged in the petition"; and generally deny each and every fact stated, averment made and allegation set forth in plaintiff's petition.

By cross-petition defendants alleged:—

"* * * at the time that they engaged the Bertram Builders and Supplies Company, it was informed that the building to be constructed was for the purpose of raising expensive carrier pigeons, and that the company in attempting to perform said work, used inferior lumber, did not use the sizes for joist and studding as specified in the contract and that in their work, many knots, openings, and appertures are visible and that the lumber is of a poor quality and not as specified in the contract and that the workmanship is defective and not to the standard of carpentry.

"These cross petitioners say that in the construction, the company has not built any overhang and have not supplied or placed sufficient nails for the proper construction of the building and that various walls and especially the end walls are not braced and that the windows in said building are not finished, and certain windows are lacking, according to the contract, and that the lumber placed in the construction of said building looks to be of a variety of hemlock and of a very inferior grade.

"These cross petitioners further state that the structure now on the premises is considerably shorter than was agreed upon between the parties, to be built and according to the contract.

"These cross petitioners state further, that the building as now constructed, is of little or no value to them, and that same cannot be used for the purpose for which it was constructed, and as a result of the defective work, materials, and of using sizes different than those specified in the contract, and that the dimensions of the building having been diminished or lessened, and as a result of these defects they have been damaged in the sum of $1,500.00.

"Wherefore, these cross petitioners pray judgment against Bertram Zusman dba Bertram Builders and Supplies, in and for the sum of $1,500.00 and costs of suit."

Defendants claim that:—

"The jury erroneously brought forth a verdict which included an amount of damages for which no evidence whatsoever was submitted by plaintiff.

"The lower court erred in refusing to permit defendants to introduce evidence to substantiate its defense and prove its cross-petition.

"The court erred in its charge to the jury and confused the jury so that they returned a verdict that was manifestly against the weight of the evidence."

In a cover all argument, defendants contend "all that can be said was that many prejudicial and substantial errors were made during the trial of this cause, any of which would be valid ground for reversal and the remanding of this cause for a new trial." We find no merit in this contention.

Although having no bearing on the case we review defendants' counsel by brief called our attention to the fact that this case was tried twice in the court of common pleas, the first trial resulting in a verdict for plaintiff against defendants in the sum of $275.00 and in favor of plaintiff on defendants' cross-petition. Motion for new trial was sustained and the cause retried and in that retrial the jury rendered a verdict for plaintiff against defendants in the sum of $1,102.71. It is from this verdict that defendants now appeal to this court on questions of law.

By assignments of error defendants claims:—

"4. Error of the court in preventing these defendants from offering testimony to substantiate the claim of their cross petition.

"5. Error of the court in excluding various exhibits offered in behalf of the defendants, which were material to the issues and would assist the jury in a sensible determination of the issues."

The trial judge rightly refused to allow defendants to change or vary the terms of their written contract with plaintiff by introduction of testimony of loss of profits which would come from the sale of homing pigeons—nothing being mentioned in the contract as to the purpose of the building.

In the case of **Steel Sanitary Co. v. Pangborn Corp., 38 Oh Ap 65,** it is said in the first and third paragraphs of the syllabus:—

"Where contract imports complete legal obligation, it is, in absence of fraud, accident, or mistake, conclusively presumed that whole engagement of parties was reduced to writing.

"Defendant could not change defense and cause of action in cross-petition, from one sounding in contract to one sounding in tort."

Also see Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510; 1 Williston on Sales, Second Edition, Section 236, Page 610; Davis Calyx Drill Company v. Mallory, 137 Fed. 332; and Leverette v. New London Ship & Engine Co., 24 Fed. (2nd) 524.

We find no error in the exclusion of these exhibits.

Defendants contend "that the court erred in admitting certain testimony over the objection of these defendants, to which exceptions were duly noted." We find no error prejudicial to defendants in this contention.

By assignment of error number six defendants contend the court erred "in permitting plaintiff to depart from the allegations of his petition and proceed on a quantum meruit in this cause." We find nothing to charge the trial judge with commission of error in the respect charged in this assigned ground of error.

It is claimed that "the long, complicated and confused charge delivered in this case covers a shotgun blast on every kind of contract law.

Paragraphs of the charge, taken by themselves, might sound proper. Taken altogether, however, a different result occurs." A reading of the court's charge as a whole convinces us that the trial judge covered each and every one of the issues fairly and clearly.

Defendants contend that defendant Howard Parker's absence during part of the trial "might have influenced the jury in its determination." There is no merit in this assigned ground of error.

Next defendants urge "that the verdict of the jury was procured by testimony offered in behalf of the plaintiff which was not truthful and misled the jury in its determination," and as a result thereof "the jury erroneously brought forth a verdict which included an amount of damages for which no evidence whatsoever was submitted by plaintiff." There is nothing in the entire record to support this assigned ground of error.

Appellants' counsel has failed to call our attention to "other errors of law which occurred during the trial to which exceptions were duly noted, which will be shown at the time of the hearing of the motion for new trial in this cause," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court as hereinbefore stated. Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.